UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MIRANDA CALDERON, | Civil No. 14cv0568-WQH(BGS) |
| Petitioner, | **REPORT AND RECOMMENDATION RE: PETITIONER'S MOTION FOR STAY AND ABEYANCE** |
| v. | |
| R.E. SPEARMAN, Warden, | |
| Respondent. | [Doc. No. 7.] |

## I. INTRODUCTION

Petitioner Robert Miranda Calderon ("Calderon"), a state prisoner proceeding pro se, filed a fully exhausted Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Before the Court is Calderon's Motion for Stay and Abeyance ("Motion") of his Petition. Calderon wishes to raise new claims that have not yet been exhausted, so he requests a stay of the presently filed Petition and time to subsequently amend his petition once the new claims are exhausted. Respondent has opposed the Motion, arguing a stay should not be granted because the Petition does not contain unexhausted claims and therefore there is no basis to stay the proceedings. For the reasons outlined below, this Court recommends that the Motion be **GRANTED** pursuant to *Kelly v. Small*[1] and the Petition be stayed and held in abeyance pending exhaustion of state remedies.

---

[1] *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

## II. PROCEDURAL BACKGROUND

On December 13, 2010, a jury convicted Calderon of the following five counts: (1) "three counts of assault with a semiautomatic firearm on Jorge Castaneda, Jeffrey Jensen, and Javier Carrillo" (Penal Code § 245(b); (2) robbery of Jeffrey Jensen (Penal Code § 211); and (3) "attempted murder of Javier Carrillo" (Penal Code §§ 664, 187(a). (Lodgment 2.) On April 8, 2011, the trial court sentenced Calderon to a determinate term of 11 years, 4 months plus an indeterminate term of 25 years to life. (*Id.*)

On April 28, 2011, Calderon appealed his conviction contending the trial court erred by: "(1) denying his motion to exclude the witnesses' photographic lineup identification; (2) excluding his proposed identification expert; (3) instructing the jury on attempted voluntary manslaughter; (4) excluding him from a future restitution hearing; (5) imposing a booking fee; and (6) determining the court security fee." (Lodgment 3 at 166; Lodgment 6.) On December 19, 2012, the Fourth District California Court of Appeal, Division One modified the judgment to strike the court security fee of $1,200 and insert the correct fee amount of $200, but affirmed the trial court's judgment in all other respects. (Lodgment 6.) Subsequently, on January 30, 2013, Calderon filed a petition for review in the California Supreme Court. (Lodgment 7.) The California Supreme Court denied the petition without opinion on March 15, 2013. (Lodgment 8.)

On March 12, 2014, Calderon filed a federal Petition for Writ of Habeas Corpus on the grounds previously raised on direct appeal. (Doc. No. 1.) Calderon asserts that his state and constitutional rights were violated when the trial court: (1) denied his motion to exclude the witnesses' photographic lineup identification; (2) excluded his proposed identification expert; and (3) instructed the jury on attempted voluntary manslaughter. (Doc. No. 1.) Subsequently, on April 15, 2014, Calderon filed a Petition for Writ of Habeas Corpus with the California Supreme Court asserting ineffective assistance of trial and appellate counsel. (Lodgment 9.) This state habeas petition remains pending. (Lodgment 10.)

On May 2, 2014, Calderon filed the instant Motion for Stay and Abeyance. (Doc. No. 7.) Calderon asks the Court to stay and hold his Petition in abeyance while he proceeds with his state petition to exhaust his ineffective assistance of trial and appellate counsel claims. (*Id.*) Moreover, Calderon seeks the Court's permission to include these new claims once exhausted in a First Amended Petition. (*Id.*)

### III. DISCUSSION

#### A. Exhaustion

Exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. 28 U.S.C.A. § 2254(b) (West 2006); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion doctrine requires a habeas petitioner to exhaust state court remedies by providing the state courts with the opportunity to consider and resolve his federal constitutional claims before presenting these claims to a federal court. *See McKinney v. Ryan*, 730 F.3d 903, 910 (9th Cir. 2013); *see also Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (finding that a petitioner must exhaust all available state remedies, either through direct appeal of his conviction or through collateral proceedings). In most instances, a petitioner can exhaust state court remedies by "fairly represent[ing]" his federal claims to the highest state court available. *David v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (citing *Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999) (stating a petitioner can provide the state's highest court with the opportunity to consider each claim before presenting it to the federal court)). Fair presentation of the legal basis of a claim requires a petitioner to alert the state courts that he is asserting a federal claim. *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005). In the Ninth Circuit, a petitioner must make the basis of his claims "explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Id.*

Respondent concedes that all three claims presently in Calderon's Petition have been fully exhausted in the California state courts. (Doc. No. 10.) Once Calderon's conviction became final on December 13, 2010, Calderon pursued a direct appeal of the

three claims in the Fourth District California Court of Appeal, Division One. (Lodgment 6.) Subsequently, Calderon sought direct review of the three claims in the California Supreme Court. (Lodgment 7.) Calderon provided the state courts with both the factual and legal bases of each claim included in his Petition. (Lodgment 3, 7.) With respect to claim one, Calderon explicitly states the "admission of the pre-trial and in-court identification violated his right to due process of law" pursuant to the 14th Amendment of the United States constitution. (Doc. No. 1 at 22.) For claim two, Calderon states the trial court prejudicially erred in excluding his proposed identification expert and this violated his federal right "to present a complete defense and due process of law" pursuant to the 5th, 6th, and 14th Amendments of the United States constitution. (Doc. No. 1 at 29.) Lastly, under claim three, Calderon alleges the "trial court improperly instructed the jury on the law of attempted voluntary manslaughter," which violated his constitutional rights to due process and a fair trial pursuant to the 5th and 14th Amendments of the United States constitution. (Doc. No. 1 at 33.) Thus, Calderon fairly presented the legal bases of his three claims by alerting the state courts to the federal nature of the claims. Accordingly, Calderon fairly and fully presented all three claims to the California Supreme Court on direct appeal and has fully exhausted the three claims in his Petition.

**B. Stay and Abeyance**

A federal district court has the discretion to stay and hold in abeyance a petition that contains only exhausted claims. *Scott v. Lewis*, No. 11-3128, 2013 WL 2951042, at *1 (N.D. Cal. June 14, 2013) (citing *Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 144 F.3d 618 (9th Cir. 1998)). District courts have applied *Kelly* not only to stay mixed petitions[2], but also to stay and hold in abeyance fully exhausted petitions. *Broadnax v. Cate*, No. 12CV560 GPC RBB, 2012 WL 5335289, at *5 (S.D. Cal. Oct. 26 2012) (citing *Sims v. Calipatria State Prison,* CV 10-715-DSF (AGR), 2012 WL 1813113 (C.D. Cal. Feb. 29, 2012) *report and recommendation adopted*, CV 10-715-DSF AGR, 2012 WL

---

[2] Mixed petitions contain both exhausted and unexhausted claims. *See Rose*, 455 U.S. at 510.


1820914 (C.D. Cal. May 18, 2012) (finding *Kelly* as the appropriate standard to follow to stay a fully exhausted petition and allow a petitioner to exhaust additional claims in state court); *Hughes v. Walker,* No. 2:10-CV-3024 WBS TJB, 2012 WL 346449, at *9 (E.D. Cal. Jan. 4, 2012) (holding that a court can stay a fully exhausted petition under *Kelly* while a petitioner seeks to exhaust new claims). Here, Calderon's Petition contains only exhausted claims; therefore, the Petition is not mixed. *See Rose*, 455 U.S. at 510. Calderon, however, seeks to stay and hold his fully exhausted Petition in abeyance in order to exhaust new claims alleging ineffective assistance of trial and appellate counsel. (Lodgment 9; Doc. No. 7.) Despite the fact that the Petition is not mixed, the approach set out in *Kelly* applies. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (finding that *Kelly* applies to stays of fully exhausted petitions).

### 1. *A Stay and Abeyance Pursuant to Kelly*

Under *Kelly*, a federal district court has the discretion to stay and hold in abeyance a fully exhausted petition in order to provide a habeas petitioner with the opportunity to proceed back to state court to exhaust unexhausted claims. *See Kelly*, 315 F.3d at 1070-71; *see also Jackson*, 425 F.3d at 661. *Kelly* does not require that a petitioner show good cause for his failure to exhaust state court remedies. *King*, at 1134. Once the petitioner exhausts the claims in state court, the petitioner may return to federal court and amend his stayed federal petition to include the newly-exhausted claims. *Id.* at 1140-41. A petitioner, however, will only be able to stay his petition and amend it to include the newly-exhausted claims if those claims are timely, *or* if those claims are untimely, they share a "common core of operative facts" with the claims raised in the pending petition. *See id.*; *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

### 2. Timeliness of Calderon's Claims

A habeas petitioner seeking to use *Kelly* to amend a fully exhausted Petition must demonstrate that he timely filed both the federal petition and the state habeas petition containing the new but unexhausted claims. *See Mayle*, 545 U.S. at 644*; King*, 564 F.3d at 1140-41. Calderon filed his federal Petition on March 12, 2014, which is after the

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the timeliness of his federal and state habeas petitions. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

The AEDPA provides a one-year statute of limitations for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). Under the AEDPA, Calderon had one year from the date that his conviction became final to file a Petition for Writ of Habeas Corpus in federal court. *Calderon v. U.S. District Court*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), *as amended on denial of rhg. and rhg. en banc, cert. denied*, 522 U.S. 1099 (1998), *overruled on other grounds in Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), *cert. denied*, 523 U.S. 1063 (1999). A habeas petitioner's conviction becomes final ninety days after the California Supreme Court denies a petition for direct review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The California Supreme Court denied Calderon's petition for review on March 13, 2013. (Lodgment 8.) Accordingly, after ninety days, on June 11, 2013, Calderon's conviction became final. *Bowen*, 188 F.3d 1158-59. Therefore, the statute of limitations began to run on June 12, 2013. 28 U.S.C. § 2244(d)(1); *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (finding that one-year statute of limitations begins to run the day after the conviction becomes final). Absent allowing for statutory tolling, Calderon had until June 12, 2014 to timely file his federal habeas petition. As previously indicated, Calderon timely filed his federal Petition on March 12, 2014, which was well within the applicable AEDPA statute of limitations period.

On April 15, 2014, Calderon also timely filed a Petition for Writ of Habeas Corpus with the California Supreme Court asserting the new unexhausted claims of ineffective assistance of trial and appellate counsel. (Lodgment 9.) The AEDPA limitations period may be subject to statutory tolling due to Calderon's timely-filed state habeas petition, *Calderon*, 128 F.3d at 1288.

### i. Statutory Tolling

The AEDPA tolls the one-year statute of limitations period for the amount of time a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *See Holland v. Florida*, 560 U.S. 631, 661 (2010). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 7 (2000). Moreover, in federal courts in California, as long as the petitioner was "properly pursuing" state court remedies, AEDPA's "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The AEDPA statute of limitations does not run while a properly filed state habeas corpus petition is pending. *See id.* Accordingly, the statute of limitations is tolled from the time the first state habeas petition is filed until state collateral review is concluded. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007) (citing *Nino*, 183 F.3d at 1006).

In the instant matter, Calderon filed both his federal and state habeas petitions *before* the one-year statute of limitations expired. The one-year statute of limitations under AEDPA expired on June 12, 2014. On April 14, 2014, Calderon properly and timely filed a state habeas petition raising his claims of ineffective assistance of trial and appellate counsel in the California Supreme Court. (Lodgment 9.) This claim is currently pending review. (Lodgment 10.) As such, when Calderon filed his state habeas petition raising the unexhausted claims, it was timely; therefore, this state petition tolls the AEDPA statute of limitations.

Calderon is entitled to statutory tolling from April 14, 2014 until the California Supreme Court concludes collateral review. Absent any additional tolling, Calderon's deadline to timely file a First Amended Petition will be extended in accordance with the number of days his petition remains pending with the California Supreme Court *and is not currently time-barred*. Calderon has met the timeliness factor of *Kelly* and a stay is appropriate. Because Calderon has met the first *Kelly* requirement, the Court need not address whether his ineffective assistance of counsel claims share a common core of

operative facts with the claims in the pending Petition.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, Calderon has satisfied *Kelly* entitling him to a stay and abeyance order with respect to the claims of ineffective assistance of trial and appellate counsel.

For the reasons stated above, the Court recommends that the Petition be **GRANTED** and the Petition should be stayed and held in abeyance to afford Calderon an opportunity to exhaust his state judicial remedies with regard to his unexhausted claims. **It is further recommended** that following final action by the state court, petitioner be allowed 30 days to notify the Court that he has completed the exhaustion process in state court by filing a motion to lift the stay which should be accompanied by a complete habeas corpus petition containing the pending exhausted and newly-exhausted ineffective assistance of counsel claims.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C.§ 636(b)(1).

IT IS HEREBY ORDERED that no later than July 7, 2014, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///
///

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties within 14 days of being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 16, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court